UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD ROBBEN, | Case No. 3:13-cv-00438-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| CARSON CITY, NEVADA, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

The Court issued an Order on March 19, 2015, ("March Order") denying Plaintiff's request to extend the deadlines for him to file an amended complaint and to conduct discovery and granting summary judgment in favor of certain defendants. (Dkt. no. 45.) In response, Plaintiff filed a consolidated motion that is docketed separately as a motion for reconsideration, motion for leave to file supplemental pleadings, and motion for discovery (collectively referred to as "Motion for Reconsideration"). (Dkt. nos. 48, 49, 50.) Defendants filed a response (dkt. no. 56) and Plaintiff filed a reply (dkt. no. 64).

Defendants have moved to strike two of Plaintiff's three motions as duplicative. (Dkt. no. 58.) Plaintiff also separately filed a proposed amended complaint without leave of Court. (Dkt. no. 52.) Defendants have similarly moved to strike this document. (Dkt. no. 59.)

## II.     BACKGROUND

The relevant background is recited in the March Order upon which Plaintiff seeks reconsideration. This case arises from Plaintiff's attempt to effectuate service of process that apparently did not proceed as planned. Plaintiff alleges that the target of the process service attempted to evade service, and instead filed a complaint with the Carson City Sheriff's Office against Plaintiff for stalking and harassment. As a result, Plaintiff was arrested and prosecuted, and arrested multiple times during the course of the prosecution, all allegedly in violation of his constitutional rights.

Plaintiff asserts sixteen claims under 42 U.S.C. §§ 1983 and 1985 and state common law. Plaintiff names Carson City, the Carson City Department of Alternative Sentencing ("DAS"), and certain individuals in their official and individual capacities, including DAS officials, Carson City Justice Court Judge John Tatro ("Judge Tatro"), Carson City District Attorney Neil Rombardo ("DA") and Deputy District Attorney Travis Lucia (collectively referred to as "DA Defendants"), and a Carson City Jail doctor.

In the March Order, the Court found that Judge Tatro and the DA Defendants are entitled to qualified immunity and entered summary judgment in their favor. (Dkt. no. 45.) The Court also denied Plaintiff's requests to extend the deadlines for him to amend his Complaint and conduct discovery. (*Id.*)

## III.    LEGAL STANDARD

Plaintiff's Motion for Reconsideration asks the Court to vacate the March Order pursuant to Rules 52(b), 59(e) and 60(b) of the Federal Rules of Civil Procedure.  Rule 52(b) permits the Court to amend the judgment. Fed. R. Civ. P. 52(e). The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting 389 *Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Under Rule 60(b), a court may relieve a party from a final

judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1387 (9th Cir. 1985). "Relief under Rule 60(b)(6) must be requested within a reasonable time, and is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (internal citations omitted).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d at 1388 (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

**IV.   DISCUSSION**

Defendants have moved to strike two of Plaintiff's three motions in the consolidated Motion for Reconsideration as duplicative. (Dkt. no. 58.) However, Special Order No. 109 requires that "[a] separate document must be filed for each type of document or purpose." (Special Order No. 109, Sect. III(F)(4).) Plaintiff requests three separate reliefs as identified in the title of the Motion for Reconsideration — motion to reconsider the granting of partial summary judgment, motion for leave to file supplemental pleadings and motion for discovery. (Dkt. nos. 48, 49, 50.) Plaintiff's filing

///

of the Motion for Reconsideration as three separate documents complies with Special Order No 109. Defendants' motion to strike (dkt. no. 58) is therefore denied.

While Plaintiff filed three separate motions, he is essentially seeking reconsideration of the Court's March Order. The Motion for Reconsideration is 40 pages in length and exceeds LR 7-4's limit on the length of brief by 10 pages. The Court could deny the Motion for Reconsideration on this basis only; the Court could also direct Plaintiff to file a renewed motion that complies with LR 7-4. However, in light of the procedural posture of this case, neither option serves Fed. R. Civ. P. 1's mandate that the Court administers the procedural rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court will therefore address Plaintiff's Motion for Reconsideration despite its improper length.

Plaintiff offers the same arguments in support of his extension requests — he was unable to prosecute his case while in custody, including being on 23-hour lockdown. (Dkt. no. 48 at 17, 21.) The March Order addressed these arguments and found that Plaintiff failed to demonstrate that he has not engaged in excusable neglect. (Dkt. no. 45 at 5-6.) As the Court noted, Plaintiff filed several documents while in custody and did not immediately seek to extend the deadline after his release. (*Id.*) In fact, Plaintiff waited until after Defendants moved for summary judgment to request an extension of the deadlines in his response to that motion.[1]

Plaintiff contends that he should be permitted to amend his Complaint because of the nexus between his filing of the Complaint and his subsequent arrest on November 9, 2013. In particular, Plaintiff alleges that false charges were filed against him in

---

[1] Plaintiff contends that the Court should not have given Defendants an opportunity to file a renewed motion. However, Plaintiff did not substantively respond to Defendants' initial motion for summary judgment. As the Court noted in the March Order, Plaintiff focused primarily on addressing his extension and continuance requests in his opposition brief. (Dkt. no. 45 at 7.) Giving leave to Defendants to file a renewed motion also benefits Plaintiff in that he will have an opportunity to respond to Defendants' arguments, assuming Plaintiff complies with the Court's limit on the length of brief. (This issue is addressed in a separate Order on Defendants' renewed motion for summary judgment.)

4

retaliation for his exercise of his First Amendment rights and to "extort a release of civil claims." (Dkt. no. 48 at 11, 31.) Even accepting these allegations as true, Plaintiff has not demonstrated that the Court made a clear error in denying his request to extend the deadline for Plaintiff to amend his Complaint. These new allegations are based on events that allegedly transpired after the filing of the Complaint, the remedy for Plaintiff is to file a new lawsuit based on these subsequent events, not to prolong and expand an existing case where discovery has closed. The Court thus declines to reconsider its decision to extend the deadlines for Plaintiff to amend his Complaint and re-open discovery.

Plaintiff argues that the Court made a clear error in finding that Judge Tatro and the DA Defendants are entitled to absolute immunity. However, Plaintiff relies on allegations of events that transpired after the filing of the Complaint to support his arguments. For example, Plaintiff contends that Judge Tatro acted outside the scope of his judicial functions when he filed a series of criminal complaints and charges against Plaintiff. (Dkt. no. 48, 6-7, 9-10.) Plaintiff also claims that the DA Defendants, and an assistant district attorney who Plaintiff seeks to add as an additional defendant, engaged in conduct outside of their prosecutorial functions that fall within their "investigative" functions and "administrative tasks," such as giving advice to the Carson City Sheriff during the criminal investigation. (*Id.* at 7, 10.) The Court found Judge Tatro and the DA Defendants are entitled to absolute immunity based on the claims asserted in the Complaint. Plaintiff has not demonstrated that the Court made a clear error to warrant reconsideration.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion for Reconsideration.

///

It is therefore ordered that Defendants' motion for reconsideration, motion for leave to file supplemental pleadings and motion for discovery (dkt. nos. 48, 49, 50) are denied. It is further ordered that Defendants' motion to strike Plaintiff's proposed amended complaint (dkt. no. 59) is granted. The Clerk is directed to strike Plaintiff's proposed amended complaint. (Dkt. no. 52.)

It is further ordered that Defendants' motion to strike (dkt. no. 58) is denied.

DATED THIS 24th day of July 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE