UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD ROBBEN, | Case No. 3:13-cv-00438-RFB-VPC |
| Plaintiff, | **ORDER** |
| v. | |
| CARSON CITY, NEVADA, *et al.*, | |
| Defendants. | |

Pending before the Court is a Motion to Reconsider filed *ex parte* by Plaintiff Todd Robben, ECF No. 107. In his motion, Mr. Robben seeks reconsideration of the Court's Order dated February 29, 2016, which denied his earlier motion to appear telephonically for all pretrial hearings. See ECF No. 106. Mr. Robben states in his motion that he does not have reliable transportation, nor does he have the finances, to travel to Las Vegas for hearings. He also states that he does not have a government-issued identification card and therefore will not be able to enter the courthouse. Finally, Mr. Robben argues that it is not his fault that his cases were transferred from Reno, where they were originally filed, to Las Vegas. In addition, Mr. Robben has submitted a notice that he is unable to attend an upcoming hearing scheduled for March 21, 2016 because he does not have any government-issued identification. ECF No. 108.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks omitted).

The Court finds good cause to partially reconsider its previous Order. Mr. Robben is correct that he was not the one who decided that his cases should be transferred from Reno to Las Vegas. Therefore, the Court will hold its upcoming hearing in Mr. Robben's case in Reno.

However, the Court does not find good cause to reconsider its previous order denying leave for Mr. Robben to appear telephonically. Mr. Robben filed this case in Reno. Litigants do not have a right to telephonic appearances. In order to accommodate Mr. Robben's lack of identification, the Court will order that he be permitted to enter the Reno courthouse by simply identifying himself by first and last name and case numbers.  Other than this, he will be subject to all other security and screening procedures for the federal courthouse.  The Court notifies Mr. Robben that failure to appear at the scheduled hearing in Reno could result in sanctions, up to and including case-dispositive sanctions such as dismissal of his case.

Therefore,

**IT IS ORDERED** that Plaintiff Todd Robben's Emergency *Ex Parte* Motion to Reconsider (ECF No. 107) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that the hearing and oral argument set for March 21, 2016 is RESET to **Monday, March 21, 2016 at 10:00 A.M. in Reno Courtroom [to be determined].** The Court will issue a further Order specifying the courtroom for the hearing.

**IT IS FURTHER ORDERED** that Plaintiff Todd Robben's Notice regarding inability to attend March 21 hearing (ECF No. 108) is DENIED. Plaintiff Todd Robben shall be permitted to enter the Reno courthouse for his scheduled hearing on March 21, 2016 by identifying himself by first and last name and case numbers.  Other than this, he will be subject to all other security and screening procedures for the federal courthouse.

DATED: March 11, 2016.

**RICHARD F. BOULWARE, II**
**United States District Judge**