UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD ROBBEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARSON CITY, NEVADA; DEPARTMENT OF ALTERNATIVE SENTENCING et al; DAS CHIEF RORY PLANETA in his individual and official capacities, DAS ASSISTANT CHIEF KATE SUMMERS in her individual and official capacities, DAS OFFICER MARTIN HALE in his individual and official capacities, DAS DOES 1-10 in their individual and official capacities, CARSON CITY JUDGE JOHN TATRO in his individual and official capacities, CARSON CITY OFFICIAL DISTRICT ATTORNEY NEIL ROMBARDO in his individual and official capacities, CARSON CITY DEPUTY DISTRICT ATTORNEY TRAVIS LUCIA in his individual and official capacities, CARSON CITY JAILHOUSE DOCTOR JOSEPH E. MCELLISTREM PHD in his individual and official capacities,<br><br>　　　　Defendants. | Case Nos. 3:13-cv-0438-RFB-VPC<br>　　　　　　3:15-cv-0529-RFB-VPC<br>　　　　　　3:15-cv-0530-RFB-VPC<br><br>**ORDER** |

　　Pending before the Court are two Motions to Stay Proceedings filed by *Pro Se* Plaintiff Todd Robben. In his motions, Robben states that criminal charges, which he disputes, were recently filed against him in California state court. Robben has filed several motions in connection with these criminal proceedings, which are currently pending, and states that he has immediate court hearings scheduled. Robben also states that his car has been impounded.

1  District courts have discretion to stay the proceedings before them in light of their inherent
2  power to control their own dockets and promote judicial economy. Lockyer v. Mirant Corp., 398
3  F.3d 1098, 1110 (9th Cir. 2005); Landis v. North Am. Co., 299 U.S. 248, 255 (1936). "[A] trial
4  court may, with propriety, find it is efficient for its own docket and the fairest course for the parties
5  to enter a stay of an action before it, pending resolution of independent proceedings which bear
6  upon the case. This rule applies whether the separate proceedings are judicial, administrative, or
7  arbitral in character . . . ." Yong v. I.N.S., 208 F.3d 1116, 1119-20 (9th Cir. 2000) (quoting Leyva
8  v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863 (9th Cir. 1979)). However, a stay should
9  generally be for a limited duration, have a defined end point, and should not be granted "if there
10 is even a fair possibility" that the stay will harm another party, unless the moving party makes a
11 showing of hardship or inequity. Dependable Highway Express, Inc. v. Navigators Ins. Co., 498
12 F.3d 1059, 1066 (9th Cir. 2007) (quoting Landis, 299 U.S. at 255).

13 The Court finds that Robben has demonstrated good cause for a limited stay of his civil
14 cases pending before this Court. Robben's criminal proceedings will make it extremely difficult
15 for him to effectively participate in his civil cases, in which he must meet filing and discovery
16 deadlines. Therefore, and in light of Robben's *pro se* status, the Court exercises its discretion to
17 issue a stay of 60 days of Robben's civil actions pending before it.

## **ORDER**

19 Accordingly,

20 **IT IS ORDERED** that Plaintiff Todd Robben's Motions to Stay Proceedings are
21 GRANTED. These are the following docket numbers:

22 - ECF Nos. 120 and 127 in case no. 3:13-cv-0438-RFB-VPC;
23 - ECF Nos. 27 and 32 in case no. 3:15-cv-0529-RFB-VPC; and
24 - ECF Nos. 33 and 38 in case no. 3:15-cv-0530-RFB-VPC.

25 **IT IS FURTHER ORDERED** that these cases are STAYED for 60 days. All pending
26 deadlines are suspended during the stay.

27 / / /

28 / / /

**IT IS FURTHER ORDERED** that Plaintiff Todd Robben shall file a status report on or before **June 20, 2016** informing the Court of the status of his criminal proceedings. The Court shall then issue an Order directing the parties how these cases shall proceed.

**DATED**: April 19, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**